IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ELIZABETH O'SHAUGHNESSY, MICHAEL O'SHAUGHNESSY, and RANDALL L. HENSLEY, Individually and on Behalf of Others Similarly Situated, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 4:13-cv-00492-DGK ) |
| THE McCLATCHY COMPANY, | ) ) |
| Defendant. | ) |

## ORDER DENYING MOTION FOR REMAND AND MOTION TO STRIKE

This putative class-action lawsuit alleges that Defendant The McClatchy Company ("McClatchy"), a publisher of twenty-nine newspapers in fifteen states, unlawfully double billed some of its subscribers in the period between when their original subscription ended and a renewal began. This lawsuit was originally filed in the Circuit Court of Jackson County, Missouri, and then removed to federal court based on the Court's diversity jurisdiction and Class Action Fairness Act ("CAFA") jurisdiction, 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

Now before the Court is "Plaintiffs' Motion to Remand" (Doc. 8) and Defendant's "Motion to Strike Plaintiffs' Traditional Diversity Argument in Their Reply Suggestions in Support of Their Motion to Remand" (Doc. 15).

Plaintiffs' motion contends the Court lacks CAFA jurisdiction over this matter because Defendant has not met its burden of establishing by a preponderance of the evidence that there are at least 100 class members or that the amount in controversy exceeds $5,000,000. Plaintiffs,

however, do not dispute that the Court possesses jurisdiction over this case pursuant to its "traditional" diversity jurisdiction, 28 U.S.C. § 1441(b), an independent basis for removal.[1]

There is no merit to Plaintiffs' argument. With respect to the number of class members, the Petition (Doc. 1-1) alleges "[t]he class includes thousands of members . . . ." Additionally McClatchy demonstrated in its notice of removal that there are over 1.8 million current subscribers and significantly more former subscribers. Thus, the class-size requirement is met.

With respect to the amount in dispute, the question "is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are." *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 944 (8th Cir. 2012) (internal quotation omitted). The Petition seeks compensatory damages for breach of contract (Count I), breach of implied duty of good faith and fair dealing (Count II), violation of at least fifteen states consumer protection statutes, including the Missouri Merchandising Practices Act ("MMPA") (Count III), and a claim for money had and received (Count IV). If each current subscriber had compensatory damages of only $3, which is plausible, the $5 million threshold would be reached. But Plaintiffs are also seeking punitive damages and attorneys' fees available under most of the state consumer protection statutes. *See, e.g.,* Mo. Rev. Stat. § 407.025; *see also* Debra E. Wax, Annotation, *Award of Attorneys' Fees in Actions Under State Deceptive Trade Practice and Consumer Protection Acts*, 35 A.L.R.4th 12 (1985) (discussing other states consumer protection statutes). When the punitive damages and attorneys' fees are aggregated with the compensatory fees, the amount in controversy easily exceeds $5 million. Thus,

---

[1] McClatchy pointed this out in its response. In their reply suggestions, Plaintiffs assert for the first time that the requirements for "traditional" diversity are not met here either. Plaintiffs are precluded from raising this argument in their reply because "it is well settled that [courts] do not consider arguments raised for the first time in a reply brief." *Beardon v. Lemon*, 475 F.3d 926, 930 (8th Cir. 2007).

2

Defendant has demonstrated by a preponderance of the evidence that the jurisdictional amount is satisfied.

Accordingly, the Court holds it has jurisdiction to hear this case pursuant to its CAFA jurisdiction. The motion to remand (Doc. 8) is DENIED.

In light of this ruling, Defendant's "Motion to Strike Plaintiffs' Traditional Diversity Argument in Their Reply Suggestions in Support of Their Motion to Remand" (Doc. 15) is DENIED AS MOOT.

**IT IS SO ORDERED.**

Date: July 17, 2013 /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT